IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jose Rafael Bernal, on behalf of himself and others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 17-cv-412 |
| v. | ) ) | |
| RT Midwest Holdings, LLC, RT Chicago Franchise, LLC and RT Northern Illinois Franchise, LLC, | ) ) ) ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

l. Plaintiff Jose Rafael Bernal brings this class action on behalf of himself and all others who worked for the ten Illinois-based Ruby Tuesday franchises shut down by these defendants on July 29, 2016. Receiving not even a day's notice of the loss of their employment, plaintiff sues for violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §2101 et seq., and seeks to recover the back pay and other benefits due for the full 60-day period of the violation. By letter of July 29, 2016, attached hereto as Exhibit A, the defendants through counsel acknowledged that defendants did in fact terminate the employment of over 500 full-time and part-time employees - including plaintiff - without the 60-day notice required by the WARN Act. The excuse given by defendants in the letter that the closings were not reasonably foreseeable is not well-founded and fails to establish a valid exception to their liability for violation of the WARN Act. Accordingly, plaintiff asks this Court to certify a class and award the full relief to which he and all other class members are entitled.

## Parties

2. Plaintiff Jose Rafael Bernal was a resident of Illinois at the time of the events described herein and is now a resident of Ohio.

4. Defendant RT Midwest Holdings Co. is a limited liability corporation, and was an employer of plaintiff within the meaning of 29 U.S.C. §2101.

5. Defendant RT Chicago Franchise, LLC is a limited liability corporation, and was an employer of plaintiff within the meaning of 29 U.S.C. §2101.

6. Defendant RT Northern Illinois Franchise, LLC is a limited liability corporation, and was an employer of plaintiff within the meaning of 29 U.S.C. §2101.

## Jurisdiction and Venue

7. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. 1331, 29 U.S.C. § 2102 and 2104(a)(f) of the WARN Act.

8. Venue lies in this judicial district because defendants do business and employed plaintiffs in this district.

## Facts

9. Until July 29, 2016, the defendants named above operated the restaurant franchise known as Ruby Tuesday in Melrose Park, Illinois as franchisees.

10. Plaintiff worked a total of more than two years at the Ruby Tuesday franchise in Melrose Park up to July 29, 2016 - leaving in 2012 but returning to work full time as kitchen manager in early April 2016.

11. The defendants operated ten such Ruby Tuesday franchises in Illinois as franchisees.

12. Collectively, the defendants employed over 500 persons at these franchises in Illinois.

13. On July 29, 2016, the defendants closed all ten of the franchises and laid off all of the employees.

14. Plaintiff received notice of the closing only on July 29 2016, the day of the closing.

18. As official notice of the closings in Illinois, counsel for the defendants sent the letter dated July 29, 2016 and attached as Exhibit A hereto.

19. The letter recognizes that the closing of the ten franchises in Illinois constituted a layoff within the meaning of 29 U.S.C. §2101(3)(B)(II) of the WARN Act.

20. Nonetheless, as set forth in the letters, defendants claimed that they were not liable for the back pay and other benefits required by the WARN Act because of business circumstances that were not reasonably foreseeable.

21. Defendants may not claim that the closings were not foreseeable when defendants had closed the Quincy, Illinois franchise on May 18, 2016 and had considered closing the other locations on May 31, 2016, but for agreement with the franchisor, Ruby Tuesday Inc.

22. Furthermore, defendants were in default on their leases at the time of the closings.

22. Accordingly defendants have violated 29 U.S.C. §2102 by closing the ten Ruby Tuesday Franchise locations in Illinois without the required 60-day notice.

## Class Allegations

23. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure plaintiff seeks to certify a class of all employees of the Ruby Tuesday franchises closed by the defendants in Illinois on July 29, 2016 to recover the back pay and other benefits due to them for the full 60-day period as allowed in the WARN Act. Plaintiff estimated that the class consists of 500 full-time and part-

time employees working 20 or more hours a week and eligible for recovery. Common questions of law and fact predominate over individual questions. Plaintiff has retained experienced counsel in WARN Act litigation and will adequately represent the interests of the class.

### Count I
### (Violation of WARN Act)

23. By laying off plaintiff and others on July 29, 2016, without advance notice of 60 days and by these and other acts in violation of 29 U.S.C §2102, defendants are jointly and severally liable to plaintiff and each member of the proposed class for full back pay due to them for the 60-day period of the violation.

24. Such back pay for the 60-day period of the violation shall be equal to the rate of compensation not less than the higher of the average regular rate of the employees during the last three years or the final regular rate received by the employees.

25. Plaintiff also seeks to recover all benefits due under any employee benefit plan during this same 60-day period of the violation.

WHEREFORE plaintiff prays this Court to:

A. Certify the class proposed in this action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, namely, all employees of the Ruby Tuesday franchises maintained by the defendants in Illinois and shut down by them on July 29, 2016.

B. Declare that by the acts set forth above, the above named defendants laid off plaintiff and other members of the class without the required 60-day notice in violation of 29 U.S.C.§ 2101 of the WARN Act.

B.   Grant plaintiff and other class members back pay for the full 60-day period of the WARN Act violation at the appropriate rate to which they are entitled under 29 USC §2104.

C.   Grant plaintiff and other class members all benefits for the full 60-day period at the appropriate rate to which they are entitled under 29 U.S.C §2104.

D   Grant plaintiff his legal fees and such other relief to which he and other class members may be entitled under the WARN Act.

                                          Respectfully submitted,

Dated: January 19, 2016                        By: /s/Thomas H. Geoghegan
                                                    One of Plaintiffs' Attorneys

Thomas H. Geoghegan
Michael P. Persoon
Sean Morales-Doyle
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511
Cook County Attorney #70814